914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
R.J. LIDDY MOVING AND TRANSPORT, INC., Respondent.
 No. 90-6018.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges; and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, R.J. Liddy Moving and Transport, Inc., its officers, agents, successors, and assigns, enforcing its order dated August 8, 1989, in Case Nos. 7-CA-27284 and 7-CA-27456, and the Court having considered the same, it is hereby
 
 
 2
 ORDERED AND ADJUDGED by the Court that the Respondent, R.J. Liddy Moving and Transport, Inc., its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 3
 (a) Coercively interrogating its employees about their activities on behalf of and in support of Local No. 243, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO ("Union").
 
 
 4
 (b) Creating the impression that the activities of its employees on behalf and in support of the Union or any other labor organization were under its surveillance.
 
 
 5
 (c) Threatening its employees that it would close its facility in the event that they chose to be represented by or engaged in activities on behalf or in support of the Union or any other labor organization.
 
 
 6
 (d) Soliciting grievances from its employees and promising to remedy them to discourage its employees from supporting the Union or any other labor organization.
 
 
 7
 (e) Ceasing giving its employees regularly scheduled performance evaluations and refusing to grant them wage increases because they engaged in activities on behalf or in support of the Union or any other labor organization.
 
 
 8
 (f) Withholding medical insurance coverage from its employees because they engaged in activities on behalf or in support of the Union or any other labor organization.
 
 
 9
 (g) Reducing the job assignments and hours of its employees because they engaged in activities on behalf or in support of the Union or any other labor organization.
 
 
 10
 (h) Terminating its employees because they engaged in activities on behalf or in support of the Union or any other labor organization.
 
 
 11
 (i) In any other manner interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 12
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:
 
 
 13
 (a) Give performance evaluations to Francis Mithen, Roger Pierce, and other employees who did not receive regularly scheduled evaluations in accordance with its established policy and grant any wage increases resulting from those evaluations in the manner set forth in the section of the Administrative Law Judge's Decision entitled "The Remedy."
 
 
 14
 (b) Make whole Gary Cochran, Francis Mithen, Roger Pierce, Bryant Montgomery, if it has not already done so, and all other unit employees similarly situated by reimbursing them for any medical or other health expenses resulting from its failure to provide health insurance benefits to its employees. This shall include reimbursing employees for any premiums that they paid to insurance companies to provide medical benefits coverage and for any medical bill that they paid to health care providers that its health insurance benefits would have covered, with interest in the manner set forth in the section of the Administrative Law Judge's Decision entitled "The Remedy."
 
 
 15
 (c) Offer Francis Mithen and Thomas Paulson immediate and full reinstatement to their former positions or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights and privileges, and make them whole for any loss of earnings they may have suffered as a result of its discrimination against them in the manner set forth in the section of the Administrative Law Judge's Decision entitled "The Remedy."
 
 
 16
 (d) Expunge and remove from its files any reference to the unlawful discharges of Mithen and Paulson on October 21, 1987 and notify them in writing that this has been done and that evidence of their illegal discharges will not be used as a basis for future personnel action against them.
 
 
 17
 (e) Preserve and, on request, make available to the Board or its agents, for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 18
 (f) Post at its place of business in Plymouth, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by Respondent's representative, shall be posted by Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 19
 (g) Notify the said Regional Director, in writing, within 20 days from the date of this Judgment, what steps Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 20
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 21
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 22
 WE WILL NOT coercively interrogate our employees about their activities on behalf of and in support of Local No. 243, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO ("Union").
 
 
 23
 WE WILL NOT create the impression that the activities of our employees on behalf and in support of the Union or any other labor organization were under our surveillance.
 
 
 24
 WE WILL NOT threaten our employees that we would close our facility in the event that they chose to be represented by or engaged in activities on behalf or in support of the Union or any other labor organization.
 
 
 25
 WE WILL NOT solicit grievances from our employees and promise to remedy them to discourage our employees from supporting the Union or any other labor organization.
 
 
 26
 WE WILL NOT cease giving our employees regularly scheduled performance evaluations for our employees and refuse to grant them wage increases because they engaged in activities on behalf or in support of the Union or any other labor organization.
 
 
 27
 WE WILL NOT withhold medical insurance coverage from our employees because they engaged in activities on behalf or in support of the Union or any other labor organization.
 
 
 28
 WE WILL NOT reduce the job assignments and hours of our employees because they engaged in activities on behalf or in support of the Union or any other labor organization.
 
 
 29
 WE WILL NOT terminate our employees because they engaged in activities on behalf or in support of the Union or any other labor organization.
 
 
 30
 WE WILL NOT in any other manner interfere with, restrain, or coerce our employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 31
 WE WILL give performance evaluations to Francis Mithen, Roger Pierce, and other employees who did not receive regularly scheduled evaluations in accordance with our established policy and grant any wage increases resulting from those evaluations, with interest.
 
 
 32
 WE WILL make whole Gary Cochran, Francis Mithen, Roger Pierce, Bryant Montgomery, if we have not already done so, and all other unit employees similarly situated by reimbursing them for any medical or other health expenses resulting from our failure to provide health insurance benefits to our employees. This shall include reimbursing employees for any premiums that they paid to insurance companies to provide medical benefits coverage and for any medical bill that they paid to health care providers that our health insurance benefits would have covered, with interest.
 
 
 33
 WE WILL offer Francis Mithen and Thomas Paulson immediate and full reinstatement to their former positions or, if those positions no longer exist, to substantially equivalent positions, without prejudice to their seniority or other rights and privileges, and make them whole for any loss of earnings they may have suffered as a result of our discrimination against them, with interest.
 
 
 34
 WE WILL expunge and remove from our files any reference to the unlawful discharges of Mithen and Paulson on October 21, 1987 and notify them in writing that this has been done and that evidence of their illegal discharges will not be used as a basis for future personnel action against them.
 
 
 35
 R.J. LIDDY MOVING AND TRANSPORT, INC.
 
 
 36
 /S/ (Employer)
 
 
 37
 Dated _______________ By _____________________________________________________
 
 
 38
 (Representative) (Title)
 
 
 39
 This is an official notice and must not be defaced by anyone.
 
 
 40
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, Patrick V. McNamara Federal Building, Room 300, 477 Michigan Avenue, Detroit, Michigan 48226.